In the Matter of Terry Wade KINNEY and Carolyn Lou Kinney, Debtors.

UNITED MISSOURI BANK OF CARTHAGE, Plaintiff,

v.

Terry Wade KINNEY and Carolyn Lou Kinney, Defendants,

and

James F. B. Daniels, Intervenor.

Bankruptcy No. 81–01802–SW.

Adv. A. No. 81–1560–SW.

United States Bankruptcy Court, W. D. Missouri, Southwestern Division.

Dec. 14, 1981.

Albert B. Johnston, Carthage, Mo., for plaintiff.

George Baldridge, Joplin, Mo., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT GRANTING PLAINTIFF'S COMPLAINT FOR RELIEF FROM THE AUTOMATIC STAY

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff seeks relief from the automatic stay with respect to a certain 1972 Oliver tractor in which it claims a purchase money security interest. Hearings on the merits of the complaint were conducted in Joplin, Missouri, on September 25, 1981, and December 4, 1981. These hearings demonstrated that the defendant Terry Wade Kinney entered into a security agreement with plaintiff on February 4, 1980, in the text of which the plaintiff purported to take a security interest in the 1972 Oliver tractor, model 1855 Diesel, serial number 232–654–685, which is the subject matter of the action at bar. Perfection of the security interest was purportedly accomplished by the filing of financing statements listing Terry Kinney as the debtor and the security as "all equipment and machinery now owned or hereafter acquired and the proceeds therefrom." It is said that this is the purchase money security interest on which the debtors cannot avoid a lien. The contentions advanced in support of that theory are that the plaintiff initially supplied the purchase money for a farm implement which was then traded in on the 1972 Oliver tractor. Then, the plaintiff loaned the dif-

ference between trade-in value of the old implement and the 1972 Oliver tractor.

 The prime issue which has been the subject of contention in this action, however, is that of whether the 1972 Oliver tractor was in fact the property of the debtor or whether it was in fact held in a tenancy by the entirety between Terry Wade Kinney and his wife, the debtor Carolyn Lou Kinney. If so, under the law of Missouri, the debtor Terry Wade Kinney, acting without the permission of Carolyn Lou Kinney, could not encumber the property to secure payment of his own individual debts. "The essential characteristic of the tenancy by the entirety has always been and still is the idea that each tenant owns the whole estate but no divisible part . . . . No lien may arise from one spouse's pledge of entirety property as security for a loan." *Kaufmann v. Krahling*, 519 S.W.2d 29, 31 (Mo.App.1975). On this issue, the testimony of Terry Wade Kinney and that of Carolyn Lou Kinney were at odds. Terry Wade Kinney testified in the hearing of September 25, 1981, that the tractor was regarded by himself and Carolyn Lou Kinney as his separate property and that she at least acquiesced with knowledge in his encumbering the tractor. Carolyn Lou Kinney, on the other hand, testified that she regarded the tractor as entirety property and that, because she was not always familiar with the farming operation, she was not wholly aware of the security agreement under which Terry Wade Kinney had encumbered the tractor with the lien of the plaintiff. Under these circumstances, it would appear at first blush that the property should be regarded as entirety property in consonance with the presumption in favor of entirety ownership and the purpose of the entirety concept, which is to protect one spouse from having the marital property transferred to the sole benefit of the other spouse. Even if this is so, however, "(t)he husband and wife can by consent, agreement, or acquiescence change the character of entirety property." *Cooper v. Freer*, 385 S.W.2d 340, 345 (Mo.App.1964). In this respect, it is the specific factual testimony of Carolyn Lou Kinney which is telling and determina-

tive. For she testified to a pattern of conduct whereby she tended to the household operations and used her salary to pay for the household expenses and Terry Wade Kinney tended to the farming operations and handled all commercial matters relating thereto. Only on rare occasion, she stated, was there any interrelationship between the two functions which she and her husband separately conducted. This happened, for instance, when she occasionally let some of her salary go to defray the expenses of farming operations or her husband donated monies for household expenses. And she was schooled by her husband on how to operate the 1972 Oliver tractor which is the subject of this action so that, in case of emergency, she would know how to operate it. These circumstances all but compel the inference that Carolyn Lou Kinney acquiesced in Terry Wade Kinney's handling the farm implements, including the 1972 Oliver tractor, as his own by her conduct in accepting this long pattern of division of holdings and labor. If this long course of conduct is not sufficient to change the character of the entirety property within the meaning of *Cooper v. Freer, supra*, it at least amounts to Carolyn Lou Kinney's knowingly permitting Terry Wade Kinney to act as her agent in encumbering the 1972 Oliver tractor. Therefore, his signature on the security agreement and the financing statements, on his own behalf and as the agent for his wife, is sufficient to validate these documents. The security interest must therefore be concluded to be valid and perfected.

And there is no dispute that, by financing the original farm implement which was traded in on the 1972 Oliver tractor and also loaning the rest of the purchase price to the debtor Terry Wade Kinney, the plaintiff has established the character of the security interest as a purchase money security interest.

It is therefore, for the foregoing reasons,

ADJUDGED that the plaintiff be, and it is hereby, granted relief from the automatic stay with respect to the 1972 Oliver tractor above described.