(B) *property of the estate,* after the date of the filing of the petition. [Emphasis added.]

Therefore, it is hereby ORDERED that this case is remanded to the bankruptcy court for explanation of those portions of the June 18, 1987, bankruptcy order denying debtors a discharge in bankruptcy based upon the debtors' actions regarding *corporate* assets.

**Merrill Stanley ROSE and Ida Bercovitz Rose, Defendants/Appellants,**

v.

**UNITED STATES of America, Plaintiff/Appellee.**

**No. 87–0823–CV–W–9.**

United States District Court, W.D. Missouri, W.D.

April 28, 1988.

Judith Strong, Asst. U.S. Atty., Kansas City, Mo., for plaintiff/appellee.

John R. Campbell, Jr., Kansas City, Mo., for defendants/appellants.

## ORDER REMANDING CASE

BARTLETT, District Judge.

Merrill and Ida Rose appeal from the June 18, 1987, order denying them a discharge in bankruptcy. Several portions of that order are based upon violations of 11 U.S.C. § 727(a)(2) and seem to be premised on the assumption that the debtors' action regarding *corporate* assets can constitute a basis for denial of discharge of individual debtors. This assumption seems inconsistent with 11 U.S.C. § 727(a)(2) which provides as follows:

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

**In the Matter of Gerald Dwain STEWARD and Donna Flo Steward, Debtors.**

**TRI–COUNTY STATE BANK, Plaintiff,**

v.

**Gerald Dwain STEWARD, Donna Flo Steward and Sac River Valley Bank, Defendants.**

**Bankruptcy No. 87–04081–SW–12.**
**Adv. No. 88–0042–SW–12.**

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

March 22, 1988.

Bruce E. Strauss, Merrick, Baker, Fox, Hufft & Strauss, P.C., Kansas City, Mo., for plaintiff.

J. Kevin Checkett, Esterly & Checkett, Carthage, Mo., for debtor/defendant.

David E. Schroeder, Fitzsimmons & Schroeder, Springfield, Mo., for Sac River Valley Bank/defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL DECREE AND JUDGMENT DECLARING THE SECURITY INTEREST OF DEFENDANT SAC RIVER VALLEY BANK IN CERTAIN PERSONAL PROPERTY TO BE SUPERIOR TO THAT OF PLAINTIFF IN THE SAME PROPERTY

DENNIS J. STEWART, Chief Judge.

The plaintiff requests that this court make a determination of the priority of security interests in 3 pieces of machinery—a 1976 Massey Ferguson diesel Tractor, a sprayer and attachments, and a Great Plains drill—between it and the defendant Sac River Valley Bank. A plenary evidentiary hearing was conducted on the issues joined by the pleadings on March 10, 1988, in Joplin, Missouri, whereupon the plaintiff appeared by Bruce E. Strauss, Esquire, its counsel, and the defendant debtors appeared personally and by counsel, J. Kevin Checkett, Esquire, and the defendant Sac River Valley Bank appeared by counsel, David Schroeder, Esquire.

The evidence which was then adduced demonstrated that the debtors first granted the defendant Sac River Valley Bank a security interest in the subject personal property by means of a security agreement dated May 16, 1986, and later granted the plaintiff a security interest in the same property by means of a security agreement dated July 8, 1986. The issue of priority between the two competing security interests is controlled by Missouri law which holds that the first to file a sufficient financing statement has priority.[1] In this regard, the evidence shows that the defendant Sac River Valley Bank was the first to file a financing statement in the appropriate place,[2] on January 5, 1983, but it was signed only by the debtor Gerald Dwain Steward. Subsequently, the plaintiff filed a financing statement in the same office on July 28, 1987. Both parties signed that financing statement.

Consequently, the plaintiff brings this action to declare its own security interest to have priority on the ground that the property involved was property held in tenancy by the entirety and, therefore, the financing statement filed by Sac River Valley Bank is insufficient because it was signed only by one of the owners of the property. The evidence which was presented to the court in the hearing of March 10, 1988, showed without contradiction that the subject property pledged a security in both instances was the entirety property of the debtors.[3] But it is the evidentiary contention of the defendant Sac River Valley Bank that the debtor Gerald Dwain Steward was the agent of his wife, Donna Flo

---

1. See 400.9–401(1)(a) RSMo to the following effect: "The proper place to file in order to perfect a security interest is ... when the collateral is equipment used in farming operations ... in the office of the recorder of deeds in the county of the debtor's residence ..." "[P]riority between conflicting security interests in the same collateral shall be determined ... in the order of filing if both are perfected by filing, regardless of which security interested attached first ..." Section 400.9–312(5)(a) RSMo.

2. See note 1, *supra.*

3. The debtors both testified to this effect and their testimony was not contradicted.

Steward, when he alone signed the financing statement which he filed. In this respect, the evidence which was adduced in the course of the hearing of March 10, 1988, shows that Donna Flo Steward and Gerald Dwain Steward both participated substantially in their farming operations; that she not only conducted the housekeeping operations and kept books for the farming operation, but also participated in the driving of the tractor and combine, in discing and in the operations which are essential to the production of crops. According to the testimony of both debtors, they both participated in the business of farming with equal responsibility and equal authority. Gerald Dwain Steward made some contracts and Donna Flo Steward made others and they both considered those contracts to be mutually binding.[4] Donna Flo Steward testified that she considered her husband to have signed the financing statement for Sac River Valley Bank with her permission, although neither she nor her husband could testify that she expressly gave him permission to sign this particular financing statement on her behalf. But there is no question that she accepted the benefits of the loan which was accorded by the Sac River Valley Bank. She testified that this was true, not only by reason of her mutual interest in the farming operation, but also by reason of the fact that the loan from the Sac River Valley Bank was also utilized to defray housekeeping operations.[5] The bank officer of Sac River Valley Bank who presided over the formalities of the loan accorded to the debtors testified that he did not require both of the debtors to subscribe this financing statement because, at the time of this transaction the judicial decisions had not yet been rendered which appeared to require that both husband and

wife sign the financing statement.[6] The bank officer of the plaintiff bank who presided over its loan transaction with the debtors testified that, in according the loan to debtors, he did not check to see whether a prior financing statement was filed because of the affirmative representation of Gerald Dwain Steward that the subject property was "free and clear of liens."

These facts bring into applicability the issue defined in *In re Davison*, 738 F.2d 931, 936 (8th Cir.1984), as to whether Gerald Dwain Steward, in subscribing the financing statement, acted as the agent of Donna Flo Steward. In that decision, it was pertinently stated as follows:

"If the bankruptcy court finds on remand that Betty Davison had an ownership interest in the footwear inventory, it should also consider whether Marvin acted as her agent when he signed the financing statement. In the proceedings before the bankruptcy court and the district court, the Bank contended that even if Betty held an ownership interest in Davison Enterprises and the footwear inventory, she authorized Marvin to act as her agent in all business affairs, including the signing of the financing statement. In rejecting this argument, the district court stated that the Davisons presented no evidence supporting a finding of agency, and that agency would not be inferred merely because of the existence of an agency relationship ... We note, however, that at the evidentiary hearing, the Bank presented evidence that Betty left the management of the business to Marvin. Because such evidence arguably is probative of an agency relationship with respect to the business, the district court erred in holding that *no*

---

4. Thus, Donna Flo Steward testified that, for instance, her husband signed a loan agreement for one group of soybeans and she signed a loan agreement for another and that they both considered each agreement binding against them both.

5. Donna Flo Steward testified that the money from the loan was initially deposited in the account which was solely used for farming operations, but later, when housekeeping needs appeared, it was transferred to that account.

6. The financing statement was filed on January 5, 1983. Former Bankruptcy Judge Frank P. Barker, Jr., issued his decision in *In re Davison*, 29 B.R. 987 (Bkrtcy.W.D.Mo.1983), on June 2, 1983, holding that both signatures were always required. This decision was reversed by the decision of the United States Court of Appeals for the Eighth Circuit in *In re Davison*, 738 F.2d 931, 936 (8th Cir.1984), on July 9, 1984. The standard enunciated by that decision is applicable in this case.

evidence supported a finding of agency." (Emphasis in the original)

In this case, according to the foregoing findings of fact, that issue resolves itself into a question of whether the evidence in the action at bar is sufficient to satisfy the standards of the "slight" evidence which is necessary to establish the agency of the husband for the wife when the wife has accepted the benefits of the contract. "Slight evidence of the agency of the husband and wife is sufficient to charge her where she receives, retains, and enjoys the benefit of the contract." *Bowen v. Loyd,* 589 S.W.2d 312, 317 (Mo.App.1979). "The agency of a husband and wife may be shown by direct evidence or by facts and circumstances which will authorize a reasonable and logical inference that he was empowered to act for her or that she ratified his unauthorized acts." *Ethridge v. Perryman,* 363 S.W.2d 696, 701, 702 (Mo. 1963). "[N]either husband nor wife has the power to act as the other's agent merely by virtue of the marital relation, but the fact that a husband is habitually permitted by the wife to attend to some of her business affairs ... furnishes some basis for finding that he is authorized to attend to all of her business affairs." *Vaughn v. Great American Ins. Co.,* 390 S.W.2d 622, 627 (Mo.App.1965); *Bowen v. Loyd, supra,* at 317. This court believes that the evidence more than meets this standard. It is in fact to the effect that the debtors followed a practice of thoroughly trusting each other with respect to the making of contracts and that they invariably both honored the contracts made by either of them.[7] Accordingly, it is concluded that the debtor Gerald Dwain Steward signed the financing statement to perfect the security interest of the Sac River Valley Bank both in his individual capacity and as the agent for his wife, Donna Flo Steward. Therefore, the financing statement was sufficient and Sac River Valley Bank's security interest in the abovementioned property is superior to that of the plaintiff. It is therefore hereby

ORDERED, ADJUDGED, AND DECREED that the security interest of the defendant Sac River Valley Bank in the three abovementioned items of personal property be, and it is hereby, declared to be superior to that of plaintiff.

---

7. Cf. *Matter of Kinney,* 16 B.R. 664 (Bkrtcy.W.D.   Mo.1981).